IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | No. 3:13-cr-00281-O-1 |
| | § | |
| REYNALDO MACEDO-FLORES, | § | |
| Defendant | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Reynaldo Macedo-Flores's Motion to Compel (ECF No. 596). For the following reasons, the motion is **DENIED**.

In December 2013, a jury convicted Defendant of possession with intent to distribute cocaine and methamphetamine, obstruction of justice, and perjury. ECF No. 290. In April 2014, he was sentenced to 300 months' imprisonment. ECF No. 440. His sentence was affirmed on appeal, and the Court denied his initial motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. ECF No. 531 (affirming sentence); *Reynaldo Macedo-Flores v. United States*, 3:16-cv-2975-O, ECF Nos. 9-10 (denying initial § 2255 motion). Defendant now wants to file another § 2255 motion and seeks to compel the Government to produce discovery that he thinks will allow him to show his actual innocence and overcome the AEDPA's statute of limitations. ECF No. 596 at 4.

But Defendant does not identify any authority for his motion to compel. While Federal Rule of Criminal Procedure 16 creates a continuing duty on the part of the Government to disclose relevant documents, such duty exists only "before or during trial." *See* FED. R. CRIM. P. 16(c). Rule 16 does not create any duty on the part of the Government to engage in post-conviction discovery.

1

Further, while Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for post-conviction discovery upon a showing of "good cause," "there is no § 2255 motion pending in this case," so "the provisions of Rule 6(a) are simply inapplicable." *United States v. Gossett*, 2019 WL 7811193, at *2 (N.D. Tex. Apr. 1, 2019).

In any event, Defendant has not shown good cause for the discovery he seeks. Defendant seeks to compel "his case FBI 302s," "any and all video/audio recordings and pin registers produced by Agent Byron Boston prior to March 29, 2012," or an order directing Boston to "issue an affidavit" attesting to conversations that he had with Defendant during visits to a liquor store. ECF No. 596 at 1. He believes this requested discovery will support an entrapment defense, thus allowing him to show his actual innocence and overcome AEDPA's one-year limitations period under *McQuiggin v. Perkins*, 569 U.S. 383, 392-94 (2013). *See* ECF No. 596 at 4-5 (noting that the "disclosure of previously non-disclosed FBI 302s would provide facts that support the establishment of an entrapment defense" and suggesting that "the production of any and all video/audio recordings, pin register data and/or affidavits attesting to the conversations had prior to February 12, 2012, would support that [sic] entrapment allegations with new and reliable evidence that was not presented at trial").

A showing of actual innocence, however, requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (finding the actual innocence to excuse a procedural default requires "factual innocence," not "mere legal insufficiency"); *Riley v. Dir., TDCJ-CID*, 2021 WL 4355379, at *4 (N.D. Tex. Sept., 24, 2021) ("Only a claim of actual innocence can serve as a gateway to overcome the statute of limitations; legal innocence cannot."). A legal defense like entrapment establishes only legal, not factual innocence. *Graves v. United States*, 2014 WL 2604561, at *5 (W.D. Mich. June 11, 2014) ("Nor can a claim of entrapment be

used to establish Movant's actual innocence because entrapment establishes only legal innocence, not factual innocence, and thus cannot establish actual innocence sufficient to overcome [the statute of limitations].") (citing *Bell v. Howes*, 2008 WL 4852716, at \*5 (E.D. Mich. Nov. 5, 2008)); *United States v. Windham*, 2015 WL 5674846, at \*4 (N.D. Miss. Sept. 25, 2015) (noting that "'the entrapment issue…is not sufficient to support a colorable claim to factual innocence'") (quoting *Drummond v. United States*, 41 F.3d 664 (5th Cir. 1994)). Thus, because the evidence Defendant seeks to procure through discovery would not establish his actual innocence, Defendant has not shown good cause for the discovery under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Accordingly, Defendant's Motion to Compel (ECF No. 596) is **DENIED**.

**SO ORDERED** this **15th day** of **June, 2026.**

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**